IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIAMON ANTWUAN BASPED,

        Petitioner,                  No. CIV S-07-1613 GEB KJM

    vs.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

        Respondents.            ORDER

           Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

           The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

After reviewing the petitioner's application for writ of habeas corpus, the court finds that petitioner has failed to exhaust state court remedies with respect to all of his claims except claim one. Accordingly, the petition is mixed containing both exhausted and unexhausted claims.

Petitioner has two options. Within thirty days (1) petitioner may file an amended habeas application omitting all claims except claim one[2] or (2) file a request to stay this action pending the exhaustion of state court remedies with respect to the unexhausted claims. Petitioner is informed that to be entitled to a stay, he must show good cause for his failure to exhaust earlier, and that the unexhausted claims are potentially meritorious. <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). Petitioner's failure to comply with one of these alternatives within thirty days will result in a recommendation that this action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that petitioner is granted thirty days within which to inform the court how he wishes to proceed with this matter by choosing one of the alternatives described above. If petitioner fails to so inform the court within thirty days, the court will recommend that this action be dismissed without prejudice.

DATED: January 9, 2008.

_____
U.S. MAGISTRATE JUDGE

1/bb
basp1613.103(8.8.07)

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year limitations period for filing non-capital habeas corpus petitions in federal court. In most cases, the one year limitations period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the limitations period is tolled while a properly filed application for state post-conviction or other collateral relief is pending. 28 U.S.C. § 2244(d). Petitioner is advised that at least a portion of the limitations period appears to have elapsed.

2