IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIAMON ANTWUAN BASPED,

    Petitioner,

vs.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

    Respondents.

No. CIV S-07-1613 GEB CHS P

FINDINGS AND RECOMMENDATIONS

## I. INTRODUCTION AND BACKGROUND

Petitioner Diamon Antwuan Basped is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He was found guilty by jury in the Sacramento County Superior Court, case 04F02561, of committing six sex offenses against the eight year old daughter of his live-in girlfriend. The trial court additionally found true an allegation that he had incurred one prior child molestation conviction. Sentencing petitioner pursuant to the California statutes applicable to habitual offenders and repeat sex offenders, the trial court imposed a total sentence of 305 years to life. (C049552 opinion at 1.[1])

---

[1] Lodged document 4 (12/16/08).

1

Petitioner alleges in the first ground of his petition that the sentence imposed constitutes cruel and unusual punishment under the Eighth Amendment. Per this court's January 9, 2008 order, this is the only claim presented that was properly exhausted. On July 3, 2008, petitioner's request to stay the case in order to exhaust state court remedies on the remaining claims was denied. Accordingly, only the Eighth Amendment claim need be addressed herein.

## II. APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)). This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999). Under AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

The "contrary to" and "unreasonable application" clauses of §2254(d)(1) are different. Under the "contrary to" clause of §2254(d)(1), a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405. As the Third Circuit

has explained, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent *requires* the contrary outcome." *Matteo v. Superintendent*, *SCI Albion*, 171 F.3d 877, 888 (3rd Cir. 1999) (emphasis in original). It is not required that the state court cite the specific controlling test or Supreme Court authority, so long as neither the reasoning nor the result contradict same. *Early v. Packer*, 537 U.S. 3, 8-9 (2002).

The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle but unreasonably applies it to the facts of the particular case. *Williams*, 529 U.S. at 410. The focus of this inquiry is whether the state court's application of clearly established federal law is objectively unreasonable. *Id*. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002), *cert. dismissed*, 538 U.S. 919 (2003). A court may deny a petition for writ of habeas corpus on the ground that relief is precluded by 28 U.S.C. §2254(d) without addressing the merits of the claim. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

III. ANALYSIS OF THE CLAIM

Petitioner was convicted of aggravated sexual assault through digital penetration, three counts of forcible lewd and lascivious conduct, and two counts of non-forcible lewd and lascivious conduct, all in relation to the same child. (C049552 opinion at 3.) Petitioner waived trial of the allegation that he had previously incurred a child molestation conviction; the court found the allegation true, found the prior conviction to be a strike within the meaning of the

California Three Strikes Law, and further determined that he was qualified to be sentenced as a habitual sex offender. *Id*. The court imposed a sentence of 25 years to life under the Habitual Sex Offender Law for each of the six counts (see Cal. Penal Code §667.71), doubled each by virtue of his prior strike (see Cal. Penal Code §667(e)(1)), and ordered the sentences to be served consecutively pursuant to the rules set forth in Cal. Penal Code §§ 667(c) and 667.6(d). *Id*. To this sentence of 300 years, the court added a five year enhancement for the prior serious felony conviction (see §667(a)), for a total sentence of 305 years to life. *Id*.

Petitioner first brought this claim on direct appeal to the California Court of Appeal, Third District. The state appellate court analyzed the claim primarily under state law, noting that the federal prohibition against cruel and unusual punishment offers no greater protections than the analogous state constitutional provision. (C049552 opinion at 4-5.) The court concluded that petitioner failed to show that his sentence constitutes cruel or unusual punishment under state or federal law. *Id*. at 8. The California Supreme Court denied review. (S142161 opinion.[2]) The state courts' determination of this issue is neither contrary to nor an unreasonable application of federal law as determined by the Supreme Court.

A criminal sentence that is not proportionate to the crime of conviction may indeed violate the Eighth Amendment. Outside of the capital punishment context, however, the Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime." *United States v. Bland*, 961 F.2d 123, 129 (9th Cir. 1992) (*quoting Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring). In *Lockyer v. Andrade*, the United States Supreme Court held that the gross disproportionality principle is the only relevant clearly established law applicable to such an Eighth Amendment claim. 538 U.S. 63 (2003). The threshold for an inference of gross disproportionality is high. Generally, so long as the sentence imposed by the state court does not exceed statutory maximums, it will not be

---

[2] Lodged document 6 (12/16/08).

considered cruel and unusual punishment under the Eighth Amendment. *United States v. McDougherty*, 902 F.2d 569, 576 (9th Cir. 1990); *United States v. Mejia-Mesa*, 153 F.3d 925, 930 (9th Cir. 1998) ("punishment within legislatively mandated guidelines is presumptively valid").

Petitioner fails to cite any federal authority supporting his position that a sentence of 305 years to life is disproportionately high under the circumstances. Petitioner instead argues that his sentence is disproportionate because "a murderer does not even get this many years." Indeed, murder is a more grave crime than sexual assault of a minor. *See generally Coker v. Georgia*, 433 U.S. 584, 598 ("Rape is without doubt deserving of serious punishment, but in terms of moral depravity and of the injury to the person and to the public, it does not compare with murder"). Petitioner's comparison, however, ignores both the fact that he was convicted of *multiple* counts of sexual assault and that his sentence was enhanced due to his recidivism and his past conviction for molestation.

With respect to recidivism statutes such as California's Three Strikes Law, the Supreme Court recognizes that "States have a valid interest in deterring and segregating habitual criminals." *Parke v. Raley*, 506 U.S. 20, 27 (1992). Courts evaluating proportionality of a sentence must "recognize that legislatures may punish recidivists more severely than first-time offenders." *Solem v. Helm*, 463 U.S. 277, 296 (1983). Recidivism statutes have consistently been upheld against constitutional challenges, including challenges on Eighth Amendment grounds. *Parke*, 506 U.S. at 27 (*citing Spencer v. Texas*, 385 U.S. 554, 560 (1967)).

Petitioner contends that "triple use of the same prior conviction" to enhance his sentence in two ways under the Three Strikes Law and in a third way under the Habitual Sex Offender Law was improper. This allegation has no merit, as the California Supreme Court has expressly approved sentencing a defendant with a prior qualifying sex crime conviction both as a habitual sex offender under §667.71 and as a habitual offender under the Three Strikes Law. *See People v. Murphy*, 25 Cal.4th 136, 154-60 (2001) (the legislative history "fully supports our

conclusion that the Legislature intended the Three Strikes Law to operate in addition to, not to the exclusion of, section 667.71"). This court may not undertake review of the California Supreme Court's construction of these two state sentencing laws in this habeas corpus action. *See McGuire*, 502 U.S. at 67-68.

Petitioner's sentence of 305 years to life is harsh. Nevertheless, applying the deferential standard required on habeas review, it does not raise an inference of gross disproportionality in light of his multiple offenses and criminal history. *See, e.g.*, *Harmelin*, 501 U.S. at 1001 (upholding sentence of life without the possibility of parole for first offense possession of 672 grams of cocaine); *Andrade*, 538 U.S. at 77 (upholding two consecutive terms of 25 years to life with the possibility of parole, imposed under California's Three Strikes Law following two petty theft convictions with priors); *Ewing v. California*, 538 U.S. 11 (2003) (upholding sentence of 25 years to life for felony grand theft). This is not one of those exceedingly rare instances where the sentence imposed has run afoul of Eighth Amendment law as clearly established by the United States Supreme Court.

## IV. CONCLUSION

For all the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 14, 2009

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE